Johnson, J.
The petition sets forth with great detail the alleged negligent acts of the defendant in the operation of the motor truck on the public street at the time of the injury. It states an undoubted cause of action if alleged ¿gainst any defendant corporation liable for the acts of its servants in charge of such a vehicle.
The trial court entertained the view that the case was ruled by Frederick, Admx., v. City of Columbus, 58 Ohio St., 538, and it is conceded that if that case is not now reversed or modified the judgments of the courts below should be affirmed.
*160 The syllabus in that case lays down the following proposition: “A municipal corporation is not, in the absence of any statutory provision, liable in damages to one injured by the negligent acts of its fire department, or any of its members.”
The conclusion was arrived at in obedience toj a principle long embedded in our jurisprudence, ] and generally enforced, that no liability attached;! to the sovereignty, or any of its subdivisions, im the exercise of any governmental function.
The rule has been followed by the courts of England and this country with some variations for a long period of time. It would not be profitable to cite or examine the cases in detail.
In the opinion in the Frederick case a fair statement is made of the reasons of the rule as applied to fire departments, viz.: “The ground on which the non-liability of municipal corporations is placed in such cases, is that the power conferred on them to establish a department for the protection of the property of its citizens from fire, is of a public or goyernmental nature, and liability for negligence in its performance does not attach to the municipality unless imposed by statute. The non-liability of the city in such cases rests upon the same reasons as does that of the sovereign exercising like powers; and are distinguished from those cases in which powers are conferred on cities for the improvement of their own territory and the property of their citizens..” Recognizing the existence of the distinction referred to, and the liability of cities in the latter class of cases, the court-remarked at page 549: “It is not always a simple *161 matter to determine to which class of the duties of a municipal corporation a given case belongs.”
We think it may be fairly said that there has been arrowing dissatisfaction with any comprehensive rule (and its unsatisfactory and unjust results) which exempts municipalities from liability for all acts which have loosely been classed as governmental.
In England a distinction was long ago made in the maritime law, and the general rule was denied application in maritime cases; but the reasons and logic upon which the distinction was made are not so satisfying or clear as those upon which the criticism of the rule itself is based.
The distinction, however, was recognized in Workman v. New York City, 179 U. S., 552, where the "city was held liable by maritime law for the negligence of its servants in charge of a fireboat while hastening to put out a fire raging at the head of a dock, in consequence of which the fireboat collided with and injured another vessel. The federal supreme court reversed the judgment of the United States court of appeals, which had held the city to be exempt from liability under the general rule to which we have referred. The court in holding that the rule did not apply, in maritime law at least, say at page 573: “Because we conclude that the rule of the local law in the State of New York — conceding it to be as held by the Circuit Court of Appeals — does not control the maritime law, and, therefore, affords no ground for sustaining the non-liability of the city of New York in the *162 case at bar, wé must not be understood as conceding the correctness of the doctrine by which a municipal corporation, as to the discharge of its administrative duties, is treated as having two distinct capacities, the one private or corporate, and the other governmental or sovereign, in which latter it may inflict a direct and positive wrong upon the person or property of a citizen without power in the courts to afford redress from such wrong. * * * And although this opinion is confined to the controlling effect of the admiralty law, we do not intend to intimate the belief that the common law which benignly above all considers the rights of the individual, yet gives its sanction to a principle which denies the duty of courts to protect the rights of the individual in a case where they have jurisdiction to do so.”
The United States court of appeals in New York City v. Workman, 35 U. S. App., 201, 204, which was reversed by the United States supreme court, supra, concisely set forth the general rule and the reasons for it, viz.: “It is familiar law that the officers selected by a municipal corporation to perform a public service for the general welfare of the inhabitants or the community, in which the corporation has no private interest, and from which it derives no special benefit or advantage in its corporate capacity, are not to be regarded as the servants or agents of the municipality, and for their negligence or want of skill it cannot be held liable. * * * The duties intrusted to them do not relate to the exercise of corporate powers; and hence they are the agents or servants *163 of the public at large. * * * The test of corporate liability for the acts of the officers of the municipality depends upon the nature of the duties with which they are charged; if these, being for the general good ''of the public as individual citizens, are governmental, they act for the State. If they are those which primarily and legitimately devolve upon the municipality itself, they are its agents.”
The line of demarcation between acts which artermed governmental, and those which are ministerial or proprietary, done in the performance of ¿"corporate function, has not been accurately defined in cases where the liability of a municipality was involved. It is of course everywhere recognized that the exercise of the legislative will is governmental. The power 'to determine whether certain steps shall be taken in the-interest of the public welfare is governmental, and the exercise and expression of the discretion as to the kind of steps and the extent of them is governmental. But a municipal corporation is a vastly different thing now from what it was in the early days. Then its function was very largely expressed in the exercise, as a political subdivision, of the delegated and limited powers of sovereignty. It was af favorite maxim of the early times in this country that that government is best which governs least, and the authority of the federal government to make internal improvements was long contested. It was the natural expression of protest against the ancient idea that the sovereign was the active *164 and all-pervading influence, and that the duty of the people was to exalt the sovereignty.
Now, the activities ‘and undertakings of a municipal corporation are manifold. They reach and touch.in countles.s directions. It seems to be utterly unreasonable that all these activities and enterprises which are brought closely home to the] lives of all of the people of the municipality must still be regarded as bound up in the vague and uncertain sphere of what is called a governmental function.
In the early days protection against fire was provided by voluntary fire departments. All of the necessities of the people were supplied and taken care of by private citizens and by companies.
The revolutionary change has been brought about .by the advent of new conditions, changes in the means of communication and in the entire method of supplying the wants of the community; so. that a. municipal corporation has now come to be a dual ..entity. It is no longer a mere subdivision for the expression of the sovereign will in the particular locality, but it ha§ entered the field-'; and does the things that were formerly done by;] private persons in the manner referred to.
A modern city may be said to be a great public service corporation, and no reason is apparent, why, in the respects in which it entrusts purely ministerial duties to agents and employes, it should not be subject to the liabilities of such persons and companies. When the government acts itself, as for instance in the taking of the property of a citizen, the constitution itself prescribes the pro *165 ceeding by which the government acts and under which the citizen is safeguarded. No injury is done the citizen, for he held his property always subservient to the public welfare.'
Now, in this, case, it was stated that the proof would have shown that the motor truck was returning to its station when it was recklessly driven over the decedent, who was without fault. It would of course be conceded that if the truck had been owned by and driven by the servant of a private corporation the liability would ■ be fixed, and it is difficult to understand the justice of ai rule which denies to a citizen the protection of the; law and the remedy guaranteed by the constitution when injury is thus done him by the servant of a! city instead of a servant of a private corporation., It would seem to be clearly a case in which the reason of the rule having failed the rule itself should be set aside as to such injuries.
It would of course be admitted the municipality was under no obligation to provide any fire department, and that the matter of deciding whether it should have a fire department, and, if so, what sort, and the extent of the services that the city would render on the general subject, is governmental. No complaint could be made concerning the exercise of that governmental power. But when it has determined all of these matters, and has placed an instrument upon its streets, which, when negligently and carelessly operated, is dangerous to the lives of its citizens, then the opera- , tion of this dangerous instrument, while govern- -' mental, • as being operated by the government for" *166 the public welfare, yet is ministerial and proprietary. It is performed by agents who as such have no part in the decision or determination of the sovereign will. Their relation is precisely the same as the agent of a private person. When the functions of government were negative rather than positive the results of non-liability for any and eveiy act did not attract close attention or inquiry. To adhere to the ancient' rule in the presence of existing relations would seem to involve the obvious contradiction that the state, which is formed to protect society, is under no obligation, When acting itself, to protect an individual member of society. Such conceptions of sovereign prerogative are not only illogical, but they offend the spirit of our institutions. We have successfully striven under a system of checks and balances, to reconcile liberty with authority. Authority should be reconciled with justice.
In many ways the legislation and the decisions of the courts of the country have recognized these altered conditions. For instance the duty to keep the streets open, in repair and free from nuisance has been made statutory, and the liability of municipalities for failure to comply with this statutory requirement has been generally enforced. Likewise the liability of a city for negligence in the construction of improvements on its own property has been enforced in most jurisdictions.
The general assembly of Ohio has, by statute, created a liability against a county to persons injured by mob violence. In Ohio it has been provided by statute that each municipality shall be a *167 body politic and corporate. Provision is made for the use of a seal, that it may sue and be sued and acquire property by purchase, gift, etc., and by Section 4 of Article XVIII'of the Constitution, adopted September, 1912, full power has been conferred upon a municipality to “acquire, construct, own, lease and operate, within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants,” and likewise power has been conferred upon it to contract with others for any such product or service. So that it is apparent that the municipality has become a body corporate, as well as a body politic. The provision that it may sue and be sued does not create any new liability. But the conception of public policy -under which the municipality as a subdivision of the sovereign power could not be sued has long been abrogated.
Moreover, Section 16, Article I of the Constitution, which guarantees to every person for injury done him in his land, goods, person, or reputation, remedy by due course of law, was amended by the . people in 1912 by the addition to that section which provides that suits may be brought against the state in the courts and in the manner to be provided by law. That is to say, the state, by its amendment to the constitution, made by the people, has surrendered the ancient privilege of exemption from suit. The legislature has merely the power and the duty of prescribing the court and the manner in which the suit may be brought. The statutes which had theretofore been enacted *168 permitting municipal corporations to sue and be sued are, of course, perfectly consistent with the amendment to the constitution above referred to, and, therefore, legally provide the manner and method of bringing suit against municipal corporations.
Of course we must keep in mind that remedy is not guaranteed by Section 16, Article I of the Constitution, for every damage or loss.
The constitution does not define a legal injury or locate liability. These must be determined “by due course of law.” For example, if the injury was the result of unavoidable accident or of the concurrent neglect of the injured person and another there is no remedy. The law must define the duty.
The rule respondeat superior itself is a creature of the common law, as are also the rules as to fellow servant, assumption of risk, contributory negligence, and the rules as to liability generally for negligence.
All were made by legislatures or courts.
There is no property right or guarantied right in these rules of law, and they may be added to or repealed by the legislature. Mondou v. N. Y., N. H. & H. Rd. Co., 223 U. S., 1; N. Y. Cent. Rd. Co. v. White, 243 U. S., 188, and Arizona Copper Co. v. Hammer, 250 U. S., 400, decided June 9, 1919.
Where such a- rule had its origin in the decisions of courts it may be changed by the courts in the light of experience unless it has become fixed by constitutional or legislative provision.
*169 The rule of law must be declared. If the old rule is found to be unsuited to present conditions, or unsound, it should be set aside and a rule declared which is in harmony with those conditions and meets the demands of justice.
That the common law has within itself the qual-; ity and capacity for growth and adaptation to new conditions has been one of its most admirable features.
Our constitutions, state and federal, were made with the full conception that they had the inherent capacity to comprehend and meet the requirements of the new and various experiences which would arise out of the development of the country.
While it is perhaps true that the rule of exemption of the sovereignty, as originally declared in England, had its genesis, in the maxim that the “King can do no wrong,” and that in a general way that rule was adopted and applied to declare the exemption of the government in this country, yet, as already stated, there was. a very early disposition to draw a distinction between governmental and corporate functions and to hold municipalities liable for negligence in the performance of the latter. It must be.noted that the courts of this state have repeatedly declared that they will adopt the principles of the common law only so far as those principles are adapted to our circumstances, state of society and form of government.
We think it may be said that the reason why the courts have been slow to declare and enforce a rule of liability against municipalities in the working of the new relationship which they have as *170 sumed is because they have felt the difficulty, in the presence of the manifold angles of the situation, of accurately defining a line between what is governmental and what is ministerial or corporate. In fact much of the difficulty i§ because of the persistence of antiquated and outworn terminology. Where a municipality (whether termed a governmental agency or a body corporate) with the sanction of the state has assumed the performance of a work or industry or enterprise formerly carried on by the citizenship, that of itself, so far as its practical operation is concerned, stamps it as a corporate or ministerial work. So far as this case is concerned the facts sufficiently show the distinction referred to, and it must be remembered that the liability in any case could only arise where there was a duty to exercise care towards the public and towards the injured person under the circumstances of the particular case, and where there was a wrongful violation of that duty by an act which was the proximate cause of the injury to the plaintiff who must himself have been without fault.
The emergency of fire and the excitement attendant upon it, the necessity for haste, the duty of extra caution on the part of bystanders, or those passing in the neighborhood, and similar circumstances, are all elements to be considered in determining whether or not there was actionable negligence in the situation. If; for example, a motor truck was returning from a fire, a very different situation would be presented for the consideration *171 of the trial court and the jury from one in which it was hurrying to a fire.
It is not the policy of government to indemnify persons for loss either from lack of proper laws or administrative provisions, or from inadequate enforcement of laws, or the inefficient administration of provisions which have been made for the protection of persons and property. The unwisdom and impracticability of such a system are easily apparent. But we hold that where a wrongful act, which has caused injury, was performed by! the servants of a municipality in the performance; of a purely ministerial act, which was the proximate cause of thq injury, without fault on the part ‘ of the injured person, the municipality is liable, and the fact that it derives no pecuniary profit; from the thing done does not change the rule. The! application of the ordinary rules for the determination of liability in similar' cases will sufficiently, safeguard the public corporation, and the enforcement of the rule we have declared will doubtless induce greater caution for the protection of individuals.
For these reasons the Frederick case is overruled and the judgments below will be reversed.

Judgments reversed.

Nichols, C. J., Matthias, Donahue and Robinson, JJ., concur.